A. H. *Fiske*, for the defendants.

CHARLES M. COX & another *vs.* MILTON AUSTIN.

A discharge of an insolvent debtor under *St.* 1838, *c.* 163, is invalid, if the debtor does not, at the second meeting of his creditors, take and subscribe the oath required by section 7 of that statute.

The recital in the certificate of discharge, that the debtor has "in all things conformed himself to the directions" of the insolvent law, is not *primâ facie* evidence that he made and subscribed the oath required of him by that law.

METCALF, J. The defendant relies on a discharge under the insolvent laws, as a bar to this action; and the plaintiffs admit that the claim in suit is barred, if that discharge is proved to have been legally granted.

The only objection to the discharge, which we need to consider, is, that it does not appear from the record of the master's proceedings in the case of the defendant's insolvency, nor from the papers filed therein, that the defendant made and subscribed the oath required by *St.* 1838, *c.* 163, § 7, before his discharge was granted to him. The parties have agreed that no oath was filed in the case, as that section requires; and the record of the master's proceedings, which has been exhibited to the court, does not show that the defendant made and subscribed any oath, unless the recital, in the recorded certificate of discharge, that the defendant "has in all things conformed himself to the directions of said act," (*St.* 1838, *c.* 163,) is to be taken as *primâ facie* proof that the prescribed oath had been

Cox & another *v.* Austin.

previously made and subscribed by him.  His counsel contends that this statement is to be so taken.  And he relies on section 14 of the statute, which is thus : " The certificate of discharge, when granted, shall be recorded at length by the clerk, with the other proceedings; and copies of all parts of the said record, duly certified by the register of probate, shall in all cases be admissible as evidence, *primâ facie*, of the facts therein stated and contained."  But we are of opinion that this provision does not sustain the present defence.  By section 7, the debtor is required to make and subscribe an oath to certain specific facts, before the master, who is required to certify it and file it in the case.

The specific facts, to which the debtor is to make oath, are the following : That the account of his creditors, contained in his schedule, is in all respects just and true ; that he has delivered to the messenger all his estate, books of account, and papers relating to his estate that were within his possession or power when they were demanded of him by the messenger ; that he has delivered to his assignees all such of his estate, books, and papers, as have since come to his possession ; and that, if any other estate, effects, or other things, which shall or ought to be assigned and delivered to the assignees, shall hereafter come to his knowledge or possession, he will forthwith disclose or deliver the same to the assignees ; and that no part of his estate or effects is made over or disposed of, in any manner, for the future benefit of himself or his family, or in order to defraud his creditors.  After the oath to these facts is made and subscribed, the further provision of the statute is, that " if it shall then appear, to the satisfaction of the judge, [master,] that the debtor has made a full disclosure and delivery of all his estate, as hereinbefore required, and that he has in all things conformed himself to the directions of this act, the judge, [master,] shall grant him a certificate thereof."  And the certificate itself is required to conform to this provision, and to recite that it has been made to appear to the master that the debtor " has made a full disclosure and delivery of all his estate, as in said act is required, and that he has in all things conformed himself to the directions of said act."

This conformity "in all things" to the provisions of the statute undoubtedly has the same meaning in the certificate which it has in the preceding clause. And in that clause it manifestly means that the master shall be satisfied that the debtor has not only made a full disclosure and delivery of all his property—which is one of the facts to be sworn to—but has also done, and forborne to do, all the other acts required to be sworn to; and does not mean that the master must be satisfied that the debtor has made oath that he has done, and forborne to do, those acts. The oath alone may not, in all cases, satisfy the master of the truth of the facts sworn to. If not, he must obtain satisfaction by other means, before he can lawfully grant the certificate. But it is absurd to suppose that any thing, besides the making and subscribing of the oath before him, should be required to satisfy him that it has been made and subscribed.

We are, therefore, of opinion that the recital in the certificate, that the defendant had made a full disclosure and delivery of all his estate, and had in all things conformed himself to the directions of the insolvent law, is not *primâ facie* evidence that he made and subscribed the oath which is required of him by that law; that although the certificate of his discharge is a matter of record, yet that the making and subscribing of such oath by him is not one of "the facts therein stated and contained."

If the debtor's oath is duly made and subscribed, but is not certified and filed, or if it is duly certified and filed, and is afterwards lost, perhaps secondary evidence of the making and subscribing would be admissible. But that question is not now before us.

The English Bankrupt Act of 12 & 13 Vict. *c*. 106, § 205, provides that a "bankrupt's certificate shall be sufficient evidence of the trading, bankruptcy, fiat, or petition for adjudication, and other proceedings precedent to the obtaining of such certificate." But by § 199, a form of certificate is prescribed, which expressly states, among other things, that the bankrupt did "submit to be examined from time to time upon oath." This fact is not left to be inferred from the general

statement that he had "in all things conformed." See also *St.* 5 & 6 Vict. *c.* 122, § 42, and the form of certificate adopted under that statute. 2 Mont. & Ayrt. Pract. in Bankruptcy, 80.

*Judgment for the plaintiffs.*

*W. Brigham,* for the plaintiffs.

*H. A. Scudder,* for the defendant.

